IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,306-01






EX PARTE BRANDON COLBY JONES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR12-175-3 IN THE 4TH DISTRICT COURT


FROM RUSK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to two years' imprisonment. He did not appeal his conviction. 

 Applicant contends that counsel failed to timely file notice of appeal. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex
parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte Axel, 757 S.W.2d 369 (Tex.
Crim. App. 1988). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel (1) to respond to Applicant's claim. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to a meaningful appeal because counsel failed to timely file a notice of appeal. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: April 17, 2013

Do not publish

1. If a defendant decides to appeal his conviction and sentence, trial counsel must make
sure that written notice of appeal is filed with the trial court. Jones v. State, 98 S.W.3d 700, 703
(Tex. Crim. App. 2003). In Applicant's case, if the trial court appointed appellate counsel with
the expectation that he or she would timely file notice of appeal, the trial court shall order
appellate counsel to respond.